UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE G. DINSMORE,<br><br>    Petitioner,<br><br>    v.<br><br>GREG LEWIS,<br><br>    Respondent.<br>_____/ | No. C-11-3296 EMC (pr)<br><br>**ORDER TO SHOW CAUSE** |

### INTRODUCTION

Steve G. Dinsmore, an inmate at Pelican Bay State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

The petition and attachments thereto provide the following information: Dinsmore was convicted in Humboldt County Superior Court of assault with a firearm on a peace officer, resisting arrest, and possession of a firearm by a felon. *See* Petition, unnumbered exhibits, Petition For Review, p. 3. In December 2006, Dinsmore was sentenced to a total of 30 years and eight months in prison.

Dinsmore appealed. The judgment of conviction was affirmed by the California Court of Appeal in 2009 and the petition for review was denied by the California Supreme Court in 2010. Dinsmore then filed this action.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) "due process requires a new trial where a new post-trial forensic analysis rebuts a crucial component of case," Petition, pp. 7-8; (2) defense counsel provided ineffective assistance of counsel in that he failed to obtain a reliable voice analysis until after the trial; (3) defense counsel provided ineffective assistance of counsel in that he failed to object to reading the prior conviction allegations to the jury; and (4) defense counsel provided ineffective assistance in that he failed to adequately preserve the issue of the multiple defects in the court's sentencing reasons.

Giving the *pro se* petition the liberal construction to which it is entitled, the Court cannot say that the first claim is patently frivolous and therefore will require Respondent to respond to it. The other three claims, liberally construed, are cognizable claims for violations of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance, of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **January 27, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **March 2, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

IT IS SO ORDERED.

Dated: December 13, 2011

_____
EDWARD M. CHEN
United States District Judge